FILED

**NOT FOR PUBLICATION**

SEP 19 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KRZYSZTOF F. WOLINSKI, | No. 15-16685 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-02492-MCE-EFB |
| v. | |
| JENNIFER P. SHAFFER; JERRY BROWN, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted September 13, 2016[**]

Before: HAWKINS, N.R. SMITH, and HURWITZ, Circuit Judges.

Krzysztof F. Wolinski, a California state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging that

defendants violated his constitutional rights and the Convention on the Transfer of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Sentenced Persons by failing to transfer him to a Polish prison. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We affirm.

The district court properly dismissed Wolinski's action because Wolinski failed to allege facts sufficient to state any plausible claims. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief); *see also West v. Atkins*, 487 U.S. 42, 48 (1988) (elements of a claim under 42 U.S.C. § 1983); *Meachum v. Fano*, 427 U.S. 215, 225 (1976) (prisoners have no liberty interest under the Due Process Clause of the Fourteenth Amendment in a transfer).

The district court did not abuse its discretion by dismissing the complaint without leave to amend because amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that district court may dismiss without leave to amend when amendment would be futile).

**AFFIRMED.**

15-16685